UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SPYROS COPE,

        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

Civil Action No.
3:15-cv-01523 (CSH)

OCTOBER 11, 2017

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

**HAIGHT, Senior District Judge:**

Plaintiff Spyros Cope ("Plaintiff") commenced this action against his former employer, Defendant Wal-Mart Stores East, LP ("Defendant"). Plaintiff alleges that he was improperly terminated from his position as an assistant store manager at Wal-Mart Store #3547, located in Norwalk, Connecticut, due to his race. Defendant moved for partial summary judgment [Doc. 31] as to Plaintiff's claim for unlawful termination under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a)(1) (Count I).[1] On June 28, 2017, this Court issued a Ruling [Doc. 41] (the "June 28 Ruling") granting Defendant's motion for partial summary judgment on Count I of Plaintiff's Complaint. Familiarity with this Ruling is assumed.[2] The facts relevant to this

---

[1] The Court previously dismissed Plaintiff's common law claims for wrongful discharge (Count II) and breach of the implied covenant of good faith and fair dealing (Count III). *Cope v. Wal-Mart Stores East, LP,* No. 3:15-cv-01523, 2016 WL 3561847 (D. Conn. June 27, 2016); Doc. 25.

[2] The Court's June 28, 2017, Ruling is reported at *Cope v. Wal-Mart Stores E., LP*, No. 3:15-cv-01523, 2017 WL 2802722, at *1 (D. Conn. June 28, 2017).

1

lawsuit were set forth in detail in the June 28 Ruling, and need not be repeated here. Plaintiff now moves for reconsideration of the Court's Ruling on several grounds. For the reasons that follow, Plaintiff's motion for reconsideration is DENIED.

## I. STANDARD FOR RECONSIDERATION

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). The Second Circuit has adhered to the strict standard for reconsideration set forth in *Shrader. See, e.g.*, *Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (quoting *Shrader,* 70 F.3d at 257). The Local Rules of Civil Procedure in this District dictate that "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1).

It is well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)), *as amended* (July 13, 2012). *See also Shrader,* 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) ("A motion for reconsideration may not be used to plug gaps

in an original argument or to argue in the alternative once a decision has been made." (quotation marks and citation omitted)). It follows that the "major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). *See also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (same).

## II. DISCUSSION

Plaintiff raises several grounds upon which he argues that reconsideration of the June 28 Ruling is warranted. Specifically, Plaintiff contends that:

> (1) the Court erroneously accepted inadmissible evidence of Jasmin Noel's purported reasons for filing Cope; (2) after the Court's decision, Defendant disclosed that Noel had been located, thus justifying reconsideration and an opportunity to seek discovery from him; (3) the Court did not consider the inference a jury may draw against Defendant for failing to produce a legitimate justification for terminating Cope; (4) the Court did not consider the adverse inference that a jury may properly draw against Defendant for failing to call Noel as a witness at trial; and (5) the Court did not consider the inference a jury may draw concerning the likelihood that Robinson influence [sic] Noel's decision based upon the fact that Robinson shared his discriminatory views with previous holders of Noel's position.

Doc. 42 at 1. Plaintiff thus advances four main grounds for reconsideration: that (1) the Court erred in its determination that Plaintiff failed to meet his burden to establish a prima facie case of discrimination; (2) the Court erred in its determination that Defendant advanced a legitimate, non-discriminatory justification for Plaintiff's termination; (3) new evidence exists, as Defendant recently disclosed it has the contact information for witness Jasmin Noel; and (4) the Court erred by not finding that Defendant should be subject to an adverse inference at the time of trial. In opposition,

3

Defendant argues that Plaintiff's motion is procedurally infirm, untimely, and fails to satisfy the strict standard required for reconsideration.

The Court will address the alleged grounds for reconsideration in turn, but first considers whether Plaintiff's motion is improper and untimely.

**A.     Rule 60(b) and Local Rule 7(c)**

Plaintiff seeks reconsideration of the Court's Ruling pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) – by its very terms – applies only to final orders and judgments. *See* Fed. R. Civ. P. 60(b); *see also Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015). Plaintiff's claim pursuant to sections 31-51x and 31-51z of the Connecticut General Statutes (Count IV) remains pending following the Court's grant of Defendant's motion for partial summary judgment. As Defendant correctly observes, final judgment has not entered, rendering Rule 60(b) is inapplicable here. *Harris*, 613 F. App'x at 58; *see also Floyd v. City of New York*, 813 F. Supp. 2d 457, 464 (S.D.N.Y. 2011) ("Because [the summary judgment] decision did not fully adjudicate the parties' claims, it was not appealable and thus not final for the purposes of Rule 60(b). Therefore, plaintiffs' motion for reconsideration cannot be properly brought under ... Rule 60(b)[.]" (footnotes and citations omitted)).

However, the Court declines Defendant's invitation to summarily deny Plaintiff's motion on this ground, preferring instead to consider the motion as brought pursuant to Local Rule 7(c). *See Harris*, 613 F. App'x at 58 (construing a motion improperly brought pursuant to Rule 60(b) as having been brought under the District Court's Local Rule for reconsideration). *See also Alston v. Bellerose*, No. 3:12-cv-00147, 2016 WL 554770, at *1 (D. Conn. Feb. 11, 2016) (same), *Floyd*, 813 F. Supp. 2d at 464 (same). The Court notes that "motions pursuant to Rule 59(e), Rule 60(b), and Local Rule

4

7(c) for reconsideration are treated under the same standard." *Levy v. World Wrestling Entm't, Inc.*, No. 3:08-cv-01289, 2009 WL 2382022, at *1 (D. Conn. July 31, 2009) (citing *City of Hartford v. Chase*, 942 F.2d 130, 2133 (2d Cir. 1991)). This brings the Court to Defendant's second contention: that if considered pursuant to Local Rule 7(c), the motion is untimely.

Local Rule 7(c) requires a motion for reconsideration to be filed within seven days from the order from which relief is sought. D. Conn. L. Civ. R. 7(c)(1). Plaintiff's motion was filed fourteen days following the Court's June 28 Ruling, and is therefore late. Plaintiff's counsel assumes blame for the untimeliness of the motion, stating in reply that he "erroneously relied upon the version of Local Rule 7 in effect prior to 2017, which provided fourteen days to file a motion to reconsider." Doc. 46 at 3. Indeed, the 2017 amendment to the Local Rules shortened the deadline for the time to file a motion for reconsideration from fourteen days to seven. *See Solman v. Corl*, No. 3:15-CV-1610, 2016 WL 6652443, at *1 (D. Conn. Nov. 10, 2016) ("Under this court's Local Rule 7(a), '[m]otions for Reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought.'" (quoting D. Conn. L. Civ. R. 7(a))). Plaintiff advances a reasonable excuse for the untimeliness of the motion, and preferring to decide these issues on the merits, the Court will exercise its discretion and address the motion. *See Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007) ("A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions." (citing *Lopez*, 375 F. Supp. 2d at 21-2)).

**B.     Reconsideration Motion**

**1.     Prima Facie Case**

The Court turns now to the grounds Plaintiff raises for reconsideration of the June 28 Ruling. Plaintiff argues that reconsideration is warranted, as the Court erred in determining that Plaintiff failed to establish a prima facie case of discrimination. Specifically, Plaintiff contends that had the Court applied all inferences in favor of Plaintiff, as it is bound to do, the Court would have determined that "Robinson's role and influence is the proximate cause to [sic] Noel's decision to terminate Cope." Doc. 42-1 at 12. Although Plaintiff raises this argument last, the Court addresses it first.

As discussed in the June 28 Ruling, Plaintiff carries the initial burden of establishing a prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). To establish a prima facie case, plaintiff must demonstrate that "(1) [he] was within the protected class; (2) [he] was qualified for the position; (3) [he] was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Gorham v. Town of Trumbull Bd. of Educ.*, 7 F. Supp. 3d 218, 230 (D. Conn. 2014) (quoting *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011)). Only if that burden is satisfied does the burden "shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's [termination]." *Coltin v. Corp. for Justice Mgmt., Inc.*, 542 F. Supp. 2d 197, 203 (quoting *McDonnell Douglas*, 411 U.S. at 802-04) (internal quotation marks omitted). "The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motivation." *Ruszkowski v. Kaleida Health Sys.*, 422 F. App'x 58, 60 (2d Cir. 2011) (citing *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010)).

In finding that Defendant was entitled to summary judgment, the Court determined that Plaintiff had not met his burden of establishing a prima facie case employment discrimination on the basis of his race. Specifically, the Court found that on the record before it, there was no way to connect the discriminatory comments made by Robinson to the decision by Noel to terminate Plaintiff. The Ruling stated:

> Plaintiff needed at least some evidence, circumstantial or otherwise, of any causal connection between Robinson's discriminatory animus towards Plaintiff and Defendant's termination of Plaintiff's employment by Noel. Without that causal connection, then the inference of discriminatory intent cannot be made and Plaintiff cannot establish an employment discrimination claim against Defendant. The record reflects that Robinson was not at all involved in Plaintiff's termination decision and Plaintiff has failed to rebut that fact, or demonstrate a genuine issue of this material fact, on the record before the Court.

Doc. 41 at 26. Without such evidence of a causal link, the Court concluded that Plaintiff was unable to meet the fourth element of establishing a prima facie case of employment discrimination: that the adverse action he suffered – his termination – occurred under circumstances giving rise to an inference of discrimination.

Plaintiff argues that the Court erred in so finding, and reconsideration is warranted because the Court failed to apply inferences in favor of Plaintiff, and thus failed to find a causal connection between Robinson's discriminatory animus and Noel's decision to terminate Plaintiff. As he argued in opposition to Defendant's motion for summary judgment, Plaintiff asks the Court to consider Robinson and Noel's friendship and supervisory relationship as the causal link that establishes that Plaintiff's termination occurred under circumstances giving rise to an inference of discrimination.

Fatal to Plaintiff's request for reconsideration on this ground is the fact that the relationship

7

between Robinson and Noel was expressly and thoroughly considered by the Court in determining that Plaintiff could not establish a prima facie case of discrimination. As set forth in the June 28 Ruling, the Court accepted as true Plaintiff's contentions that Robinson made numerous comments about the racial make-up of the staff, asserted that Defendant needed to hire more white employees, and instructed his assistant managers to hire more white employees. *See* Doc. 41 at 22. The Court noted that while Robinson apparently supervised Noel, it was "undisputed that Robinson had no role in, and was not consulted about, the decision to terminate Plaintiff's employment. Such a decision was made by Noel who consulted only with Ramirez, an asset protection manager." *Id.* at 23. The Court then applied all inferences in favor of Plaintiff, and analyzed whether Robinson's discriminatory comments could properly be considered evidence of an intention to discriminate with respect to Plaintiff's termination. In finding that they could not, the Court stated:

> On the record that exists before this Court, there is no evidence whatsoever that Robinson made any of these remarks to Noel; or that Robinson had any influence over, direct involvement or role in the decision to terminate Plaintiff; or that Robinson was involved in any way with any of Plaintiff's prior coachings that led to his termination. The fact that Noel, and other supervisors, made the termination decision and each of the coaching decisions without input from Robinson is left wholly un-rebutted on the record before the Court.

*Id.* at 24-5.

Indeed, a great deal of the June 28 Ruling is devoted to the analysis of whether Robinson's relationship with Noel could provide the necessary evidence that would establish the causal connection between Robinson's discriminatory animus and Defendant's termination of Plaintiff's employment. The Court concluded that, on the record before it, there was no evidence that

8

Robinson's discriminatory animus was causally connected to Plaintiffs termination.[3] Without such evidence, Plaintiff was unable to meet the fourth element of establishing a prima facie case of employment discrimination: that the adverse action he suffered – his termination – occurred under circumstances giving rise to an inference of discrimination. It his present motion, Plaintiff identifies no evidence or law that the Court overlooked in reaching this determination. Instead, Plaintiff simply rehashes his prior arguments. This is insufficient to meet the strict standard for reconsideration. *See Shrader*, 70 F.3d at 257 ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. ... [A] motion to reconsider

---

[3] This conclusion was repeated no fewer than ten times throughout the June 28 Ruling. *See* Doc. 24 at 26 ("Thus, there is no evidence that describes or even demonstrates what role Robinson played in supervising Noel and how this could have led to at least some influence over Noel's coaching and termination decisions."); *id.* ("The record reflects that Robinson was not at all involved in Plaintiff's termination decision and Plaintiff has failed to rebut that fact, or demonstrate a genuine issue of this material fact, on the record before the Court."); *id.* at 27 ("Plaintiff has not submitted evidence of any facts from which it could be inferred that Robinson gave those orders or sought at all to influence Noel's decision. All that is in the record before the Court are conclusory allegations and speculation unsupported by any evidence."); *id.* ("In short, even taking all inferences and facts in Plaintiff's favor, there is no evidence indicating that Robinson gave Noel orders to fire Plaintiff, or that Robinson in any way influenced the decision to fire Plaintiff."); *id.* ("Cope's discrimination case fails before the record on summary judgment reveals the total lack of evidence to support a vital element of his claim: that Robinson's racial beliefs and attitudes, whatever they may have been, was causally connected to Plaintiff's termination."); *id.* at 27-8 ("On the evidence before the Court, Plaintiff was terminated by other supervisors for different reasons. Plaintiff submits no evidence *contra*."); *id.* at 28 ("Again, there is no evidence that Robinson was involved in any of these coachings or the decisions made by Noel."); *id.* ("Again, all Plaintiff offers is merely speculation, unsupported by any evidence tying Noel's actions to Robinson's comments or Robinson's influence." (citation omitted)); *id.* at 29 ("Although Plaintiff's burden is 'minimal' to establish a prima facie case, Plaintiff must show that a discriminatory animus was somehow causally connected to his termination. Plaintiff cannot do so based on the record existing before this Court." (internal citation omitted) (footnote omitted)); *id.* ("In the absence of any such evidence supporting an inference of discrimination, there is simply no basis in the record for the factfinder to conclude that Plaintiff's termination resulted from discriminatory animus." (footnote omitted)).

9

should not be granted where the moving party seeks solely to relitigate an issue already decided." (citations omitted)). Accordingly, reconsideration is not warranted on this ground.

### 2. Legitimate Non-Discriminatory Reason for Termination

Next, Plaintiff argues that the Court erred by "accept[ing] evidence of Jasmin Noel's purported reasons for terminating Cope," as there was no admissible evidence submitted regarding Noel's decision to terminate Plaintiff. Doc. 42-1 at 3-4. Plaintiff states: "In finding that Cope failed to meet its burden to make a prima facie case, the Court accepted and heavily relied upon Noel's supposed rational [sic] for terminating Cope by making repeated references to the supposed justification, despite the lack of any evidence from either Noel or Stephen Ramirez." *Id.* at 4. Consequently, Plaintiff argues, the determination that Defendant had proffered a legitimate, non-discriminatory reason for Plaintiff's termination was erroneous, and should be reconsidered.

Plaintiff's argument fails. As discussed in the June 28 Ruling and *supra*, under the *McDonnell Douglas* framework, only if Plaintiff's prima facie burden is satisfied does the burden "shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's [termination]." *Coltin v. Corp. for Justice Mgmt., Inc.*, 542 F. Supp. 2d 197, 203 (quoting *McDonnell Douglas*, 411 U.S. at 802-04) (internal quotation marks omitted). Here, the Court found that Plaintiff did not meet his burden of establishing a prima facie case of employment discrimination on the basis of his race. It follows that the burden never shifted to Defendant to articulate a non-discriminatory reason for his dismissal. Accordingly, Plaintiff's contention that reconsideration is warranted because Defendant "failed to produce any reason – legitimate or otherwise – justifying Cope's termination" is misplaced. Doc. 42-1 at 4 (emphasis omitted) (footnote omitted).

Although the June 28 Ruling could have concluded upon the determination that Plaintiff

failed to establish a prima facie case of employment discrimination, it continued on. The Court noted that even had Plaintiff established a prima facie case of employment discrimination, and had the burden shifted, summary judgment on Plaintiff's CFEPA claim would still appropriate. *See id.* at 30. This was so because Defendant had proffered a legitimate non-discriminatory reason for Plaintiff's termination, and Plaintiff had not shown that this reason was pretextual. In making this determination, the Court noted that Defendant's non-discriminatory justification for Plaintiff's termination – misconduct, with coachings – was entirely uncontested by Plaintiff. *See id.* at 30 n.6 ("Plaintiff does not appear to challenge the fact that Defendant fired Plaintiff for misconduct with coachings, in other words, for having four instances that required coachings resulting in his termination within a one-year period. Instead, Plaintiff argues that Defendant's reasons were 'weak, incoherent, and contradictory,' and consequently should be condemned as pretextual.").

Now, for the first time, Plaintiff appears to challenge Defendant's proffered legitimate, non-discriminatory reason for his termination.[4] This is a paradigmatic illustration of a dissatisfied litigant

---

[4] It is unclear whether Plaintiff now attempts to dispute facts that were undisputed at the time of the Court's Ruling. As previously noted, Plaintiff admitted to a number of facts set forth by Defendant in its Rule 56(a)(1) Statement by not objecting to or properly denying the facts. *See* Doc. 41 at 4 n.1. Local Rule 56(a) provides: "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for the purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement ..., or if the Court sustains an objection to the fact." D. Conn. L. Civ. R. 56(a)(1). Plaintiff had the option of either "admitting or denying the fact and/or objecting to the fact as permitted by the Federal Rule of Civil Procedure 56(c)." *Id.* at 56(a)(2)(i). However, "each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial. ... Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1[.]" *Id.* at 56(a)(2)(iii). Plaintiff cannot now challenge facts that were originally unchallenged, and to the extent Plaintiff seeks reconsideration on this ground, it is denied.

attempting to take a second proverbial bite at the apple. *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 69 (D. Conn. 2010). Plaintiff cannot contest the legitimacy of Defendant's reason for termination when he failed to do so in opposition to Defendant's motion for summary judgment. *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) ("It is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'" (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)); *Palmer*, 474 F. Supp. 2d at 355-56 ("A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion." (quotation marks and citation omitted)). For this reason, and for the reason that this point is moot due to the Court's determination that Plaintiff failed to establish a prima facie case of employment discrimination,[5] reconsideration is not warranted on this ground.

### 3. New Evidence

Plaintiff also seeks reconsideration of the Court's Ruling based on the recent revelation that Defendant is in possession of contact information for witness Jasmin Noel. Plaintiff argues that this information was previously unavailable to him, and that he diligently attempted to obtain it while

---

[5] Where a plaintiff employee fails to submit evidence sufficient to warrant an inference of discrimination, as required by the initial stage of the *McDonnell Douglas* framework, the Second Circuit routinely affirms the grant of summary judgment dismissing a discrimination complaint. *See, e.g.*, *Ruszkowski*, 422 Fed. App'x at 61; *Coleman v. Suffolk Cty. Water Auth.*, 225 F.3d 645 (2d Cir. 2000); *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 19 (2d Cir. 1995). In such a case, the later *McDonnell Douglas* stages of an employer's non-discriminatory reason and its pretextual nature are not reached, and the questions they present do not arise. This is such a case.

discovery was open. Plaintiff candidly admits that "it is not clear that discovery from Noel would produce a different result," but argues that, nonetheless, fairness requires that the Court vacate its Ruling and reopen discovery so that Plaintiff may obtain information from Noel. Doc. 42 at 8.

In order to succeed on a motion for reconsideration based on newly discovered evidence, Plaintiff must "present evidence that is 'truly newly discovered or ... could not have been found by due diligence.'" *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (quoting *Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir. 1966)). *See also Kopperl v. Bain*, No. 3:09-cv-01754, 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) ("[N]ewly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration." (citations omitted)).

Upon application of this law it becomes clear that Plaintiff's argument fails. First, there is no evidence that Plaintiff sought Noel's contact information at all prior to the Court's June 28 Ruling, let alone diligently sought such information. Plaintiff notes that Noel's contact information was not provided in Defendant's initial disclosures, and that counsel requested the information from Defendant, who in turn stated there was no contact information for Noel. Defendant disputes this account, stating that Plaintiff never affirmatively requested Noel's contact information, and as Defendant did not have possession of Noel's current information, it was not required to disclose it.[6]

---

[6] There are two problems with Defendant's position. First, as Plaintiff correctly points out, this case is subject to the Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("Initial Discovery Protocols"), which require the provision of the "present or last known address and telephone number" of any individual identified in a response. D. Conn. L. R., Disc. Protocols II(1). As a belated excuse, Defendant states that it "did not include contact information for Mr. Noel as he was a former employee and we were uncertain of his whereabouts." Doc. 43-1 at 2. However, Defendant failed to provide the current or last known address and telephone number for *any* of the witnesses identified in Defendant's response to the Initial Discovery Protocols. *See* Doc. 42-1 at 24-5. Moreover, even without knowledge of Noel's current contact

Either way, Plaintiff does not provide convincing evidence of any diligent effort to locate Noel or to obtain his last known address and telephone number from Defendant. *See Potamkin Cadillac Corp.,* 697 F.2d at 493. Indeed, contrary to Plaintiff's repeated assertions that Defendant "concealed" this witness, it is apparent from Plaintiff's opposition to Defendant's motion for summary judgment that Plaintiff believed that Defendant possessed the contact information all along. *See* Doc. 37 at 16

---

information, Defendant could have – and indeed, should have – provided his last known address and telephone number, information Defendant acknowledges it had in its possession. *See* Doc. 43-1 at 3.

    Second, Defendant argues that Noel's current contact information was not subject to disclosure, as it was obtained by Defendant's counsel from Robinson, "a personal friend of the witness [Noel] who happens to be an employee of a party." Doc. 43 at 10. This argument does not pass muster. "[A] document in an attorney's possession is within a party's possession or control ... if the attorney comes into possession of [the] document as *attorney for that party*."*In re Terrorist Attacks on Sept. 11, 2001*, 293 F.R.D. 539, 547 (S.D.N.Y. 2013) (emphasis in original) (quotation marks and citation omitted); *see also* 7 Moore's Federal Practice § 34.14[2][c] (3d ed. 2010) (same); *cf. Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."). Attorney Lawrence Peikes came into possession of Noel's telephone number in his capacity as the attorney for Defendant, thus he was required to disclose it to Plaintiff, pursuant to the ongoing duty to supplement. *See* D. Conn. L. R., Disc. Protocols II(2) ("This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation[.]").

    The Court notes that this is not the first time it finds it necessary to remind Defendant of its obligations to disclose and to supplement its disclosures under the Federal Rules and the Initial Discovery Protocols. *See* Doc. 41 at 13-18. The Court is troubled by Defendant's repeated assertions that Plaintiff must affirmatively request information that he is entitled to as a matter of course, and that Plaintiff's remedy, if any, for Defendant's failure to disclose is to affirmatively move for such information. The Court reminds Defendant – and counsel for Defendant– that the

> purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman*, 329 U.S. at 507. Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment.

("Defendant has failed to meet its burden by producing evidence that Noel was not influenced by Robinson. That is because, suspiciously, Defendant has not submitted any evidence from Jasmin Noel himself, *despite presumably having his contact information from his employment file.*" (emphasis added)). Thus, Plaintiff's argument that reconsideration is warranted as the contact information is now available is unconvincing, as Plaintiff clearly assumed it was available throughout the pendency of the litigation, but did not diligently attempt to obtain it.

Second, there is no "newly discovered evidence." The existence of Noel's contact information is not evidence; rather, it is information which could potentially lead to evidence. There is no indication before the Court that Noel would provide an affidavit or testimony that would warrant reconsideration of the Court's Ruling. Despite the couching of the availability of Noel's contact information as "the late disclosure of a ... key witness in this case," Doc. 42-1 at 17, this is not a situation where one party failed to disclose the existence of a witness. Rather, here, from the onset of this litigation, Plaintiff was well aware that Noel existed, and was well aware of the role Noel played in Plaintiff's termination. Accordingly, Plaintiff's motion to reconsider on this ground is denied.

### 4. Adverse Inferences

Finally, Plaintiff appears to request reconsideration of the Court's Ruling as it did not account for any potential adverse inferences that may be appropriate for the jury to consider at the time of trial. Such was not within the scope of the motion for summary judgment that the Ruling resolved, and the Court will not reconsider its Ruling on this ground. However, in light of the Defendant's failure to adequately respond to the Initial Discovery Protocols, and its failure to abide by the ongoing duty to supplement such information, *see* note 6, *supra*, the Court notes that Plaintiff is free

to argue for any such relief at the time of trial.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion [Doc. 42] for reconsideration of the Court's Ruling [Doc. 41] is DENIED. Consistent with the Court's prior Order [Doc. 45], the parties are directed to file a joint trial memorandum in the form required by this Court's Standing Order Regarding Trial Memoranda in Civil Cases on or before **December 11, 2017.** The case will then be placed on the Court calendar as trial ready, with a trial date to be determined subsequently. Alternatively, if the parties wish to consider settlement before trial, they may promptly file a joint motion for referral to a magistrate judge for the purposes of a settlement conference.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut
October 11, 2017**

  */s/ Charles S. Haight, Jr.*
**CHARLES S. HAIGHT, JR.
Senior United States District Judge**